CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**Jose Estrada**,

       Plaintiff,

    v.

**Santa Fe Shopping Depot, LTD.**, a California Limited Partnership; **Richard S. Goetz & Company, Inc.**, a California Corporation; **Trophy Properties, Inc.**, a California Corporation;  and Does 1-10,

       Defendants.

Case No. '18 CV 0123 JM   NLS

**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act

 

    Plaintiff Jose Estrada complains of Defendants Santa Fe Shopping Depot, LTD., a California Limited Partnership; Richard S. Goetz & Company, Inc., a California Corporation; Trophy Properties, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a

1

Complaint

paraplegic who cannot walk and who uses a wheelchair for mobility. He drives a van with an electric ramp and uses portable hand controls.

2.  Defendants Santa Fe Shopping Depot, LTD and Richard S. Goetz & Company, Inc. owned the real property located at or about 2461 San Diego Ave., San Diego, California, in November 2017.

3.  Defendants Santa Fe Shopping Depot, LTD and Richard S. Goetz & Company, Inc. own the real property located at or about 2461 San Diego Ave., San Diego, California, currently.

4.  Defendant Trophy Properties, Inc. owned the Café Coyote located at or about 2461 San Diego Ave., San Diego, California, in November 2017.

5.  Defendant Trophy Properties, Inc. owns the Café Coyote restaurant ("Restaurant") located at or about 2461 San Diego Ave., San Diego, California, currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in November 2017 to eat.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Restrooms are one of the facilities, privileges and advantages offered by Defendants to patrons of the Restaurant.

13. The restroom mirror was mounted on the wall so that its bottom edge was more than 40 inches above the finish floor.

14. The restroom sink was mounted such that the counter or rim was higher than 34 inches above the finish floor.

15. The plumbing underneath the sink was not wrapped to protect against burning contact.

16. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

17. Currently, the restroom sink is mounted such that the counter or rim is higher than 34 inches above the finish floor.

18. Currently, the plumbing underneath the sink is not wrapped to protect against burning contact.

19. Plaintiff personally encountered these barriers.

20. These inaccessible conditions denied the plaintiff full and equal access

Complaint

and caused him difficulty and frustration.

21. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the Defendants cure the violations.

22. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. For example, the mirror in the restroom could be removed or lowered so that it is accessible.

25. Wrap can be installed under the sink at a cost of no more than $25.

26. Plaintiff is and has been deterred from returning and patronizing the Restaurant because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

27. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

Complaint

28. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

Complaint

1          Appendix "D."

2        c.  A failure to make alterations in such a manner that, to the

3           maximum extent feasible, the altered portions of the facility are

4           readily accessible to and usable by individuals with disabilities,

5           including individuals who use wheelchairs or to ensure that, to

6           the maximum extent feasible, the path of travel to the altered area

7           and the bathrooms, telephones, and drinking fountains serving the

8           altered area, are readily accessible to and usable by individuals

9           with disabilities. 42 U.S.C. § 12183(a)(2).

10   31. Mirrors shall be mounted with the bottom edge of the reflecting surface

11  no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010

12  Standards § 603.3.

13   32. Here, the mirror was mounted higher than the maximum permitted and

14  is a violation of the ADA.

15   33. Sinks must be mounted so that the counter or rim is no higher than 34

16  inches above the finish floor. 1991 Standards § 4.24.2; 2010 Standards §

17  606.3.

18   34. Here, the sink was mounted higher than the maximum permitted and is

19  a violation of the ADA.

20   35. Hot water and drain pipes under lavatories must be insulated or

21  otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010

22  Standards §606.5.

23   36. Here, the failure to wrap the plumbing underneath the sink is a violation

24  of the ADA.

25   37. A public accommodation must maintain in operable working condition

26  those features of its facilities and equipment that are required to be readily

27  accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

28   38. Here, the failure to ensure that the accessible facilities were available

Complaint

1   and ready to be used by the plaintiff is a violation of the law.

2      39. Given its location and options, plaintiff will continue to desire to

3   patronize the Restaurant but he has been and will continue to be discriminated

4   against due to the lack of accessible facilities and, therefore, seeks injunctive

5   relief to remove the barriers.

6

7   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH**

8   **CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal

9   Civ § 51-53)

10      40. Plaintiff repleads and incorporates by reference, as if fully set forth

11   again herein, the allegations contained in all prior paragraphs of this

12   complaint.

13      41. Because the defendants violated the plaintiff's rights under the ADA,

14   they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

15   Code § 51(f), 52(a).)

16      42. Because the violation of the Unruh Civil Rights Act resulted in

17   difficulty, discomfort or embarrassment for the plaintiff, the defendants are

18   also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §

19   55.56(a)-(c).)

20

21      **PRAYER**:

22      Wherefore, Plaintiff prays that this court award damages and provide

23   relief as follows:

24      1. For injunctive relief, compelling defendants to comply with the

25   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

26   Plaintiff is not invoking section 55 of the California Civil Code and is not

27   seeking injunctive relief under the Disabled Persons Act at all.

28

Complaint

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.


Dated: January 16, 2018            CENTER FOR DISABILITY ACCESS


By: _____ _____

Isabel Masanque, Esq.
Attorney for Plaintiff

8

Complaint