UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTRADA,<br><br>        Plaintiff,<br><br>v.<br><br>SANTA FE SHOPPING DEPOT, LTD, a California Limited Partnership; RICHARD S. GOETZ & COMPANY, INC., a California Corporation; TROPHY PROPERTIES, INC., a California Corporation; and DOES 1 through 10,<br><br>        Defendant. | Case No.: 18cv123 JM (NLS)<br><br>**ORDER DENYING DEFENDANTS' APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE** |

  Defendants Santa Fe Shopping Depot, Ltd., Richard S. Goetz & Company, Inc., and Trophy Properties, Inc. (collectively, "Defendants") request a stay and early evaluation conference.[1] (Doc. No. 10.) For the following reasons, the court denies the application.

  Plaintiff Jose Estrada initiated this action against Defendants for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and

---

[1] Defendants failed to obtain a hearing date for this application pursuant to Civil Local Rule 7.1(b). The court cautions Defendants to observe all local and chambers rules throughout the remainder of this action or risk sanctions under Civil Local Rule 83.1.

1

California's Unruh Civil Rights Act, California Civil Code §§ 51–53. Defendants request a stay pursuant to California Civil Code section 55.54. "This provision outlines a mandatory procedural requirement for a state court to order a 90–day stay of proceedings and set a mandatory early evaluation conference between 21 and 50 days after the order is issued in cases involving certain types of construction-related accessibility claims." Oliver v. Hot Topic, Inc., 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) (citing Cal. Civ. Code § 55.54).

California Civil Code section 55.54 does not apply to Plaintiff's ADA claims because federal law preempts it. "[F]or federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law. Federal law preempts state law if the state law 'actually conflicts' with federal law." Hubbard v. SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009). Because the ADA does not provide for a mandatory stay and early evaluation conference, it conflicts with federal law. Therefore, the court denies Defendants' application as to the ADA claims.

When hearing state law claims, federal courts apply state substantive law and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). "Whether a state law is procedural or substantive depends on whether the application of the state law will 'significantly affect the result of the litigation'—the outcome determination test." Oliver, 2010 WL 4261473, at *1 (citing Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1090 (9th Cir.2001)) (emphasis in original). Here, neither the stay of proceedings nor the early evaluation conference are outcome determinative, instead affecting scheduling. Accord Daubert v. City of Lindsay, 37 F. Supp. 3d 1168, 1180 (E.D. Cal. 2014).

Accordingly, Defendants' application for a stay of proceedings and an early evaluation conference is DENIED.

IT IS SO ORDERED.

DATED: April 6, 2018

JEFFREY T. MILLER
United States District Judge

2

18cv123 JM (NLS)